BLANCHE, Judge.
This is a suit for personal injuries brought by George Frank Despino, plaintiff-appellant, against Horace P. Bill, Jr., and The Travelers Insurance Company, defendants-appellees, under its general comprehensive insurance policy allegedly insuring Allied Chemical Corporation, Solvay Process Division, and the said Horace P. Bill, Jr., against damage for his negligent acts as an officer, director or stockholder of said corporation. The accident which resulted in injuries to plaintiff occurred on March 8, 1966, when plaintiff, while working as a carpenter on the roof of the Soda-Ash or “S.A.” building, fell through the roof to a catwalk below. Mr. Bill was superintendent of maintenance and subordinate to him were approximately three hundred employees including two supervisors of maintenance and eighteen foremen. The trial court held that the plaintiff failed to show negligence on the part of Mr. Bill by a preponderance of the evidence, thus eliminating a consideration of the questions of contributory negligence, assumption of risk, last clear chance and coverage under the insurance policy.
*279 The decision of the trial court is correct and we affirm.
The roof of the S.A. building was constructed on steel “I” beams or purlins spaced approximately six feet apart. On top of and overlapping these beams were reinforced concrete slabs approximately two or three feet wide by six feet long by eight inches thick weighing between 150 and 200 pounds. Over these slabs were placed roofing material to make the same watertight. The roof had deteriorated from age and damage occasioned by Hum-ean Betsy and was in need of repair. To repair the roof it was necessary to remove the deteriorated slabs and replace them with new ones. As a result of the deterioration, there was a definite danger of the slabs giving way and falling to the floor below. To overcome this hazard, decking consisting of two by eight sheets of five-eighths inch plywood was provided and laid lengthwise so as to span the “I” beams with approximately a foot overlap. The workmen were accordingly instructed to work on the decking and not to walk on the roof. If it became necessary to step off of the decking, they were instructed to step where the roof was supported by a beam. On occasions it was necessary to step off of the decking. The workmen were aware of the danger and there was evidence that another workman had fallen through a roof similarly constructed some five months prior thereto.
To prove his case, it became incumbent on plaintiff to prove that the use of the decking was an inadequate safeguard to protect the men working on the roof. Additionally, he would be obliged to prove that he was working on the decking in accordance with the safety instructions given, for only then would the question of the reasonableness of the prescribed safety measures be presented.
The trial judge rightly concluded from the evidence that he did not know how the accident happened. No one actually saw plaintiff at the moment the roof slab gave way. Mr. L. J. Richard, who came onto the roof with the plaintiff, had observed him standing on the plywood decking just before he fell, but at the moment he fell he was looking down the well hole to see if the other workmen were coming up on the roof. He testified that he heard a yell and that when he turned around “George [plaintiff] wasn’t there.” He also testified that he heard the sheet of plywood on which plaintiff had been standing fall back as though “it had been kicked up in the air and slapped back down.” Mr. Allain, also a member of the same crew, did not observe plaintiff before he fell and testified, “* * * as I was coming above the roof, I looked and I saw a blur, a blue blur, going down. I saw a piece of plywood raise up and fall back down.” Therefore, no one saw where the plaintiff was standing before his fall, and the trial judge correctly observed:
“ * * * The Court does not know exactly how this accident happened, whether Mr. Despino violated his instructions and stepped off of the decking, or whether he failed to observe that the plywood on which he was standing did not span the beams, as directed. Mr. Despino is the only person who could answer these questions and he has not done so.” (Oral Reasons for Judgment, Record, pp. 47-B and 47-C)
The evidence concerning the adequacy of the plywood decking in providing a safe area in which to work is all to the effect that had the plywood decking been used in accordance with instructions plaintiff could not have fallen.
Lastly, plaintiff argues that he had established a prima facie case without the necessity of taking the stand as a witness and that it was error to require his testimony when he had no independent recollection of the facts. Without going into the merits of this contention, we believe that it suffices to answer this argument by observing that in our opinion the trial judge drew no adverse inference as a result of the plaintiff’s failure to take the *280 stand and testify. We believe his remark, “Mr. Despino is the only person who could answer these questions and he has not done so,’’ when considered in full context was only to explain further the plaintiff’s failure to carry the required burden of proof.
Thus, we find no error in the trial court’s judgment that plaintiff failed to show negligence on the part of the defendant Horace Bill by a preponderance of the evidence.
Accordingly, the judgment of the trial court is affirmed, with all costs assessed to plaintiff-appellant.
Judgment affirmed.